IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2010 APR 12 A 10: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Viviane Coriatt-Gaubil, Viva, Inc., Brava Inc., Napa, Inc. and Icora, Inc., Plaintiffs | |
| v. | Civil Action No. _____ |
| Roche Bobois International, S.A. and Roche Bobois U.S.A., Ltd., Defendants | |

## NOTICE OF REMOVAL

The Defendants, Roche Bobois International, S.A. and Roche Bobois U.S.A., Ltd., by and through undersigned counsel, hereby submit this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446 and states as follows:

1. The Defendants are the named defendants in the above-captioned action, which was commenced on April 9, 2010 in the Superior Court of Suffolk County in the Commonwealth of Massachusetts (the "Superior Court") Docket No. SUCV2010-01436. True and correct copies of the Summons, Civil Action Cover Sheet and Complaint that have been served upon the Defendants in connection with this matter are attached hereto as Exhibits 1 through 3.

2. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely because the Defendants first received a copy of the Complaint in this action on April 9, 2010. See Exhibit 1.

3. The only proceedings in the above-captioned action in the Superior Court that have taken place to date are:

   a. The Plaintiffs filed an *ex parte* motion for a temporary restraining order, or in the alternative, a short order of notice on the Plaintiffs' motion for

a preliminary injunction, on April 9, 2010;

b. The Superior Court issued a summons and short order of notice on April 9, 2010, scheduling the hearing on the motion for preliminary injunction for April 12, 2010 at 2:00 pm (McIntyre, J.).

(See attached Superior Court Docket Sheet, Exhibit 4).

4. The above-captioned matter is a civil action seeking declaratory judgment pursuant to G.L. c. 231A, §1, as well as damages, costs, disbursements and attorneys fees as a result of the Defendants' alleged breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, intentional interference with contract, violation of G.L. c. 93A and civil conspiracy.

5. The parties are citizens of different states and a foreign country. The Plaintiffs are a Massachusetts citizen (Verified Complaint, ¶1), two Massachusetts corporations (¶¶2-3), and two Florida corporations (¶¶4-5); the Defendants are a French corporation and a New York corporation. (¶¶6-7).

6. The amount in controversy in the above-captioned action, exclusive of interest and costs, exceeds $75,000. As set forth in the Plaintiffs' Verified Complaint:

a. The Plaintiffs claim that, if injunctive relief is not granted, Plaintiff Viva, Inc. and its subsidiaries (which include Plaintiffs Brava, Inc., Napa, Inc. and Icora, Inc.) would "lose their ability to liquidate millions of dollars of high-end furniture inventory". (¶61).

b. The Plaintiffs further claim that, If injunctive relief is not granted, the Plaintiff Viva, Inc. and its subsidiaries would "be saddled with substantial debt and no ability to pay that debt". (¶61). Although the Plaintiffs fail to plead such debt with particularity, the Verified Complaint does identify well over $1,000,000 in debt, including:

1. Plaintiff Brava, Inc. has a ten-year lease for the Natick, MA store pursuant to which Brava is obligated to pay more than $1,890,000 in rent over the life of the lease, which expires in August 2015, an

2

      obligation which both Plaintiff Viviane Coriatt-Gaubil and Defendant Roche Bobois International ("RBI") have guaranteed (¶18);

2. RBI made a $100,000 loan to Brava in May 2009 (¶23); and

3. Ms. Coriatt-Gaubil loaned $100,000 to Plaintiff Icora, Inc. (¶53).

   c.   It can be gleaned from the face of the Verified Complaint that the amount of "outstanding franchise fees" owed by Plaintiff Viva, Inc. and its subsidiaries to RBI and Roche Bobois, U.S.A., Ltd. ("RB USA") is no less than $480,000. In particular, the Plaintiffs assert that Viva, Inc. could pay all such outstanding franchise fees upon receiving a forthcoming income tax refund "in the amount up to $480,000" along with the application of "available company funds". (¶39). Such franchise fees are identified among the "certain debts and obligations" that the Plaintiffs claim they will have upon termination under the franchise agreements, which are the very terminations the Plaintiffs seek to enjoin. (¶47.a, Prayers For Relief).

7. This Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. §1332(a), and the action therefore may be removed to this Court pursuant to 28 U.S.C. §1441(a).

8. Pursuant to 28 U.S.C. §1446(d), the Plaintiffs and all other known parties to this action are being provided with written notice of the filing of this Notice of Removal. In addition, a copy of this Notice of Removal is being filed with the Clerk of the Superior Court, Suffolk County, Commonwealth of Massachusetts.

WHEREFORE, the Defendants respectfully request that the above-captioned action be removed from the Superior Court of Suffolk County, Commonwealth of Massachusetts, to this Court.

Roche Bobois International, S.A. and
Roche Bobois U.S.A., Ltd.,

By their attorneys,

_____
Eric H. Karp, BBO #260280
David J. Meretta, BBO #645983
Witmer, Karp, Warner & Ryan LLP
22 Batterymarch Street
Boston, Massachusetts 02109
(617) 423-7250


*Of Counsel*:

Daniel Gilden, Esq.
Kauffmann Gilden Robbins & Oppenheim
777 Third Avenue
New York, NY 10017
(212) 755-3100

Dated: April 12, 2010

## CERTIFICATE OF SERVICE

I, David J. Meretta, certify that on this 12th day of April 2010 I caused a copy of the foregoing **Notice of Removal** to be served by facsimile and by hand upon counsel for the Plaintiffs: James E. O'Connell, Jr. Esq., Jennifer E. Yelen, Esq., Shilepsky O'Connell Hartley Casey Michon Yelen Robb LLP, One Financial Center, 15th Floor, Boston, MA 02111 and Amy M. McCallen, Esq. & Ronald N. Stetler, Esq., Rubin and Rudman LLP, 50 Rowes Wharf, Boston, MA 02110.

_____
David J. Meretta